UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL LOPEZ,
          Plaintiff,
vs.

TRH TRADING CORP. and REGINA'S GROCERY LLC,
          Defendants.

## COMPLAINT

Plaintiff, SAMUEL LOPEZ ("Plaintiff"), by his undersigned counsel, hereby files this Complaint against Defendants, TRH TRADING CORP. and REGINA'S GROCERY LLC ("Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"). This matter concerns Plaintiff's visits to a restaurant located at 27 Orchard Street, New York, New York 10002, REGINA'S GOCERY & DELI ("Regina's) wherein Plaintiff encountered several barriers which have and will deter him from visiting the restaurant in the future. Plaintiff's past visit and his desire to return are fully set forth herein.

## JURISDICTION

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** Plaintiff currently resides in the Brooklyn, New York.

**3.** Plaintiff is a paraplegic and bound to ambulate in a wheelchair. He is a qualified individual with disabilities under the ADA.

1

4. Plaintiff visited the subject property located at 27 Orchard Street, New York, New York 10002 (the "Facility") to enjoy the goods and services offered therein and encountered barriers to access. Plaintiff desires and intends to return to the Facility to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

5. Defendant, TRH TRADING CORP., transacts business in the State of New York and within this judicial district. Defendant, TRH TRADING CORP., is the owner and/or lessor, of the real property located at 27 Orchard Street, New York, New York 10002 where the restaurant known as REGINA'S is located (the "Facility").

6. Defendant, REGINA'S GROCERY LLC, transacts business in the State of New York and within this judicial district. Defendant, REGINA'S GROCERY LLC, is the lessee of the Facility located at 27 Orchard Street, New York, New York 10002 and the owner and/or operator of a restaurant known as REGINA'S (the "Facility").

7. The Facility is a place of public accommodation under the ADA.

8. Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

9. The barriers alleged in Paragraph 15, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

10. The removal of the alleged barriers can be accomplished without much difficulty or expense.

11. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

12. Plaintiff attempted to access the Facility in November 2023 and February 26, 2024 to enjoy the authentic Italian subs and salads offered therein but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

13. Plaintiff frequents this neighborhood and intends to visit the Facility in the future, and specifically in the summer of 2024 to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

14. Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

15. Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound plaintiffs. A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

I. Inaccessible entrance.

II. Accessible route to establishment not provided as required. Accessible means of egress not provided as required. Existing step at entrance acts as a barrier to accessibility. Required ramp not provided for step at entrance.

> ADAAG 206 Accessible Routes.
> ADAAG 206.1 General.
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
> ADAAG 206.2 Where Required.
> Accessible routes shall be provided where required by 206.2.
> ADAAG 206.2.1 Site Arrival Points.
> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
> ADAAG 206.4 Entrances.
> Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
> ADAAG 207 Accessible Means of Egress.
> ADAAG 207.1 General.
> Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
> ADAAG 402 Accessible Routes.
> ADAAG 402.1 General.
> Accessible routes shall comply with 402.
> ADAAG 402.2 Components.
> Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
> ADAAG 403 Walking Surfaces.
> ADAAG 403.4 Changes in Level.
> Changes in level shall comply with 303
> ADAAG 303.4 Ramps.
> Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

III. Required minimum maneuvering clearance not provided at entrance door.

IV. Non-compliant change in floor level within required maneuvering clearance at entrance door.

> ADAAG 206 Accessible Routes.

4

ADAAG 206.1 General.
Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
ADAAG 206.2 Where Required.
Accessible routes shall be provided where required by 206.2.
ADAAG 206.2.1 Site Arrival Points.
At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
ADAAG 206.4 Entrances.
Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
ADAAG 206.4.1 Public Entrances.
In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
**ADAAG 207 Accessible Means of Egress.**
**ADAAG 207.1 General.**
Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1)
ADAAG 404.2.4 Maneuvering Clearances.
Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.
ADAAG 404.2.4.4 Floor or Ground Surface.
Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

**Table 404.2.4.1**

**Maneuvering Clearances at Manual Swinging Doors and Gates**

| Approach Direction | Type of Use | Minimum Maneuvering Clearance | |
| --- | --- | --- | --- |
| | Door or Gate Side | Perpendicular to Doorway | Parallel to Doorway (beyond latch side unless noted) |
| From front | Pull | 60 inches (1525 mm) | 18 inches (455 mm) |
| From front | Push | 48 inches (1220 mm) | 0 inches (0 mm)1 |
| From hinge side | Pull | 60 inches (1525 mm) | 36 inches (915 mm) |
| From hinge side | Pull | 54 inches (1370 mm) | 42 inches (1065 mm) |
| From hinge side | Push | 42 inches (1065 mm)2 | 22 inches (560 mm)3 |
| From latch side | Pull | 48 inches (1220 mm)4 | 24 inches (610 mm) |
| From latch side | Push | 42 inches (1065 mm)4 | 24 inches (610 mm) |

1. Add 12 inches (305 mm) if closer and latch are provided.

2.     Add 6 inches (150 mm) if closer and latch are provided.
3.     Beyond hinge side.
4.     Add 6 inches (150 mm) if closer is provided.

    V. Inaccessible exterior dining table.

    VI. Required minimum knee and toe clearance not provided at exterior dining table.

ADAAG 226 Dining Surfaces and Work Surfaces.
ADAAG 226.1 General.
Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
ADAAG 902.2 Clear Floor or Ground Space.
A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
ADAAG 306.2 Toe Clearance.
ADAAG 306.2.3 Minimum Required Depth.
Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
ADAAG 306.2.5 Width.
Toe clearance shall be 30 inches (760 mm) wide minimum.
ADAAG 306.3 Knee Clearance.
ADAAG 306.3.3 Minimum Required Depth.
Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
ADAAG 306.3.5 Width.
Knee clearance shall be 30 inches (760 mm) wide minimum.

    VII. Inaccessible interior dining tables.

    VIII. Required minimum knee and toe clearance not provided at interior dining tables.

    IX. Minimum percentage of existing interior dining tables required to be accessible not provided.

ADAAG 226 Dining Surfaces and Work Surfaces.
ADAAG 226.1 General.
Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
ADAAG 902.2 Clear Floor or Ground Space.
A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
ADAAG 306.2 Toe Clearance.
ADAAG 306.2.3 Minimum Required Depth.
Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

>ADAAG 306.2.5 Width.
>Toe clearance shall be 30 inches (760 mm) wide minimum.
>ADAAG 306.3 Knee Clearance.
>ADAAG 306.3.3 Minimum Required Depth.
>Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
>ADAAG 306.3.5 Width.
>Knee clearance shall be 30 inches (760 mm) wide minimum.

16. The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine **all the ADA violations**.

17. The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

20. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Dated: March 29, 2024

Respectfully submitted,

*s/ Jennifer E. Tucek, Esq.*
Law Office of Jennifer Tucek, PC
   *Attorney for Plaintiff*
Bar No. JT2817
315 Madison Avenue, #3054
New York, N.Y. 10017
(917) 669-6991
TucekLaw@Gmail.com