UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SAMUEL LOPEZ,

                      **Plaintiff,**                       24-CV-02423 (PAE)(SN)

          -against-                                   **ORDER**

TRH TRADING CORP., et al.,

                      **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Pursuant to the Court's September 18, 2024 Order, Plaintiff was required to file a status letter on the docket by September 25, 2024. ECF No. 29. The purpose of the status letter was to update the Court regarding the status of settlement negotiations; whether the motion for default judgment should be dismissed or held in abeyance pending settlement negotiations; and why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Id. Plaintiff did not comply with that Court order.

      Plaintiff is ORDERED to show cause why the complaint should not be dismissed for failure to prosecute. A plaintiff has a general obligation to prosecute his case diligently. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Under Federal Rule of Civil Procedure 41(b), the Court, on its own initiative, may dismiss an action for failure to prosecute. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). In deciding whether to dismiss an action for failure to prosecute, the Court must consider five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by

further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks omitted).

      Accordingly, by Monday, November 25, 2024, Plaintiff must file a letter informing the Court of his intentions to prosecute this case. If Plaintiff fails to respond, the Court will dismiss this action without prejudice.

**SO ORDERED.**

                                                        _____
                                                        SARAH NETBURN
                                                        United States Magistrate Judge

DATED:      November 19, 2024
                 New York, New York