UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SAMUEL LOPEZ,

                                Plaintiff,                      24 Civ. 2423 (PAE) (SN)

            -v-

                                                                 OPINION & ORDER

TRH TRADING CORP., *et al.*,

                              Defendants.

------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On March 29, 2024, plaintiff Samuel Lopez filed this action against defendants TRH Trading Corp. and Regina's Grocery LLC ("defendants") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* Dkt. 1 ("Complaint"). On April 2, 2024, the Court referred this case to United States Magistrate Judge Sarah Netburn for general pretrial supervision. Dkt. 7.

After defendants failed to respond to the Complaint or otherwise appear, Lopez moved for default judgment. Dkt. 22. By order dated July 30, 2024, the Court directed that, if defendants wished to oppose the motion for default judgment, defendants' counsel enter a notice of appearance, and file an opposition, explaining why a default judgment was not warranted, by August 20, 2024. Dkt. 25. On August 20, 2024, Lopez sought a 10-day extension of defendants' deadline to file their opposition, representing that the parties "ha[d] been engaged in settlement discussions" and that Lopez "would prefer to resolve the matter with defendants" this way. Dkt. 27 at 1. On August 21, 2024, the Court granted Lopez's request. Dkt. 28.

On September 18, 2024, having heard nothing from Lopez in the interim, the Court ordered Lopez to file a status update on the docket of this case by September 25, 2024. Dkt. 29.

The Court directed Lopez to address (1) the status of settlement negotiations; (2) whether the motion for default judgment should be dismissed, or in the alternative, whether the motion for default judgment should be held in abeyance, to a date certain, pending settlement negotiations; and (3) to the extent Lopez sought dismissal of his motion for default judgment, why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See id.* at 2. Lopez did not file a status update.

On November 19, 2024, Judge Netburn directed Lopez to show cause why the Complaint should not be dismissed for failure to prosecute by November 25, 2024. Dkt. 32 ("November 19, 2024 Order"). Judge Netburn noted that Lopez had failed to file a status letter or otherwise comply with the Court's orders. *Id.* at 1. The deadline set by the November 19, 2024 Order has long passed.

Currently pending is the Report and Recommendation issued by Judge Netburn on December 2, 2024. Dkt. 25 ("Report"). The Report recommends that the Court dismiss this action without prejudice for failure to prosecute. *Id.* at 4. Neither party has filed objections to the Report. For the following reasons, the Court adopts Judge Netburn's Report in full.

## DISCUSSION

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). When a timely and specific objection has been made,

2

the court is obligated to review the contested issues *de novo*. *See id.*; Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). When a *pro se* plaintiff files objections, those objections "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Netburn's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 4–5, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in full and dismisses this action for failure to prosecute pursuant to Rule 41(b).

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 14, 2025
       New York, New York